FRANK, Acting Chief Judge.
Jeffrey A. Cole challenges his conviction for attempted premeditated murder of a law enforcement officer. He asserts several sentencing errors. We affirm the conviction, but reverse for resentencing.
Cole was convicted of violation of section 784.07(3), Florida Statutes (1993), attempted murder of a law enforcement officer, a life felony with a twenty-five-year minimum mandatory term. § 775.0825, Fla. Stat. (1993). Because a life felony cannot be enhanced by use of the habitual violent felony offender statute, that portion of the judgment and sentence finding Cole to be a habitual offender must be stricken and he must be resentenced accordingly. See Williams v. State, 678 So.2d 443 (Fla. 2d DCA 1996).
Because Cole’s offenses occurred on September 17, 1995, his scoresheet was improperly enhanced by 2.0 for law enforcement protection. The enhancement factor *326 applies to attempted murder in the first degree only if committed on or after October 1, 1995. See Fla. R.Crim. P. 3.702(d)(14); § 775.0823(2), Fla. Stat. (1995). The score-sheet must be corrected prior to resentenc-ing.
The trial court sentenced Cole on convictions for grand theft auto and attempted murder. The trial court orally pronounced that the sentences would run concurrently. Because the written sentence fails to state that the sentences are concurrent, the sentencing document must be corrected to conform to the oral pronouncement.
Affirmed in part, reversed in part, and remanded for resentencing.
THREADGILL and CASANUEVA, JJ., concur.